1  MELINDA HAAG (CABN 132612)
   United States Attorney
2

3  MIRANDA KANE (CABN 150630)
   Chief, Criminal Division

4  ANDREW P. CAPUTO (CABN 203655)
   Assistant United States Attorney
5     450 Golden Gate Ave., Box 36055
      San Francisco, California 94102
6     Telephone: (415) 436-7200
      Fax: (415) 436-7234
7     E-Mail: andrew.caputo@usdoj.gov

8  Attorneys for Plaintiff

**FILED**

MAR 2 1 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  RAJARSHI CHOWDHURY,  Defendant. | No. 3-12-70282 NC  STIPULATION REQUESTING PROTECTIVE ORDER, AND [PROPOSED] ORDER |

The parties respectfully stipulate as follows:

1. The United States wishes to turn over discovery materials in this matter to counsel for defendant Rajarshi Chowdhury. These materials necessarily include information relating to the charged extortion. The government believes that public disclosure of some of the information relating to the charged extortion would cause harm to victims in the case. Accordingly, the United States respectfully asks the Court to enter the protective order set forth below.

2. Defendant's counsel stipulates to entry of the proposed protective order set forth below.

STIP. REQUESTING PROTECTIVE ORDER, AND [PROPOSED] ORDER
3-12-70282 NC

3. Accordingly, the parties respectfully ask the Court to enter the proposed protective order set forth below.

DATED: March 21, 2012

GARRICK S. LEW
Attorney for Defendant

DATED: March 21, 2012

ANDREW P. CAPUTO
Assistant United States Attorney

## [PROPOSED] PROTECTIVE ORDER

The United States has moved for a protective order limiting the uses to which discovery materials in this case may be put. The Court finds that there is good cause for issuance of such a protective order. Therefore, **IT IS ORDERED THAT**:

1. The contents of the discovery materials in this case shall not be disclosed in any form to any other person by defense counsel except to the client, any investigator(s) for the client, and any other members of defendant's trial team including expert witnesses, and then only for the specific purposes relating to defending the client in this case.

2. Unless expressly authorized by this Court, no information derived from the discovery materials which are the subject of this order may be disclosed to any individual or entity for any other use.

3. This Order applies to all attorneys associated with the above case who have knowledge of this Order regardless of the nature of their involvement in the case. This Order shall be binding on all subsequent attorneys who represent the defendant in this case or any other person who comes into possession of the discovery materials disclosed pursuant to this Order.

4. All persons who come into possession of the discovery materials disclosed pursuant to this Order are required to advise any other persons receiving disclosure of any of the discovery materials of the terms of this Order.

5. A willful violation of this Order shall constitute a criminal contempt of Court for

which sanctions are provided by law.  The parties who agree to receive information which is subject to this Order agree that this Court has jurisdiction to enter this Order.

Dated: 3/21/2012

_____
NATHANAEL COUSINS
United States Magistrate Judge